UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.  CRIM NO: 3:99CR264(EBB)

JOHN FOSTER

RULING ON MOTION TO REOPEN

Defendant John Foster ("Foster") moves to reopen his criminal judgment and for resentencing without application of the second offender enhancement. He claims he is "legally and factually innocent" of the state-court narcotics conviction that supports his § 851 second offender enhancement because it was unconstitutionally obtained. For the following reasons, Foster's motion [doc. ##2402, 2414] is DENIED.

*Factual and Procedural Background*

Prior to the start of Foster's 2000 trial, the government filed an information pursuant to 21 U.S.C. § 851 notifying him that, because of his prior Connecticut narcotics conviction under Conn. Gen. Stat. § 21a-277(a), if he was convicted he could be subject to a statutory mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 841(b)(1)(A). After a lengthy trial, a jury convicted Foster of one count of conspiracy to possess with intent to distribute and distribution of 1000 grams or more of heroin, 50 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846. On June 18, 2001, the district court sentenced Foster to 324 months incarceration. The second offender enhancement was not specifically at issue at his sentencing because, under the then-mandatory sentencing guidelines, he faced a sentence that greatly exceeded the 20 year mandatory minimum.

Foster's conviction was affirmed on appeal, but the Second Circuit issued a limited remand pursuant to United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), directing the district court to determine whether it would have imposed a materially different sentence under an advisory guideline regime.  On remand, the district court ruled that it would have imposed a materially different sentence if the guidelines had been advisory, and scheduled a resentencing.  Prior to the resentencing hearing, the government again moved for an enhanced sentence pursuant to § 851.  It argued that Foster was subject to the 20-year mandatory minimum under § 841, rather than the 10-year mandatory minimum which applied to defendants with no prior narcotics convictions.

In response, Foster challenged the constitutional validity of the guilty plea he entered in the Connecticut Superior Court in connection with the narcotics conviction cited in the § 851 notice.  He argued that the prior narcotics conviction was constitutionally invalid because it was based on a guilty plea that was not intelligent and voluntary in that the state court did not properly ascertain that he understood the nature of the charges against him and that there was an adequate factual basis for his plea.

At Foster's re-sentencing, the district court rejected his claims regarding the validity of his predicate state conviction.  It found that the transcript of his plea colloquy in the state court affirmatively demonstrated that his plea was both intelligent and voluntary and, as reflected in the state judge's canvas of Foster at the plea hearing, the nature of the charges and the elements of the crime were adequately explained to him.  Because the plea did not suffer from any infirmities, the district court had sufficient assurance that Foster was given sufficient notice of the charges against him, had been informed of the facts supporting the charges to which he was pleading guilty,

including the nature and quantity of the narcotics, and that Foster had agreed with the prosecutor's recitation of the facts. This was sufficient for the district court to conclude that Foster's guilty plea was freely and voluntarily entered and thus it denied Foster's constitutional challenge to the validity of his prior felony narcotics conviction as a proper predicate for the § 851 sentence enhancement. Based on this finding, the district court resentenced Foster to a statutorily mandated 20-year term of imprisonment on September 19, 2006.

Foster appealed that sentence on the grounds that the district court erred in finding that the prior state narcotics conviction was a proper predicate for the § 851 sentence enhancement. The Second Circuit disagreed. It rejected all of Foster's arguments and held that there was no error in the district court's conclusion that Foster's state-court plea was intelligent and voluntary and was constitutionally valid. <u>United States v. Foster</u>, No. 06-4871-cr (2d Cir. Jan. 18, 2008) (summary order).

### *Discussion*

Foster is seeking relief from his final criminal judgment of conviction, but he does not identify any rule or other procedural vehicle that authorizes this Court to entertain his motion. Rule 60(b), Fed. R. Civ. P. is unavailing because it only provides relief from civil judgments, not criminal judgments. Rule 33, Fed. R. Crim. P. is also an inappropriate vehicle because his motion was not filed within 7 days of the finding of guilt, as that rule requires. Moreover, the Court will not convert his motion to one seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 because it was filed more than seven years after his conviction became final and Foster has not presented any grounds for equitable tolling of the one-year statute of limitations for such actions. But even if it were not time barred, his motion would not support the relief Foster seeks because the validity of

his § 851 predicate state conviction was raised and decided on appeal after resentencing and thus the law of the case doctrine precludes relitigation of the issue in this court. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (holding that when an issue is explicitly or implicitly decided on appeal, the law of the case doctrine forecloses further consideration of it in the district court); United States v. Sanin 252 F.3d 79, 83 (2d Cir. 2001). Moreover, even if Foster's claim were properly before this Court, his motion would be denied as having no substantive merit.

In that regard, Foster's assertion that he is actually innocent of his enhanced sentence as grounds for resentencing in this criminal case is unavailing. It is based only on a legal argument, specifically, that the predicate state conviction that supported his 20-year mandatory minimum sentence pursuant to § 851 and § 841 was unconstitutional because it relied on his guilty plea to a Connecticut narcotics offense that was not knowing and voluntary and did not have a sufficient factual basis.

Foster's assertion of actual innocence is unavailing because he merely claims he is actually innocent of the second-offender enhancement. His claim is not based on any new factual evidence showing that he did not commit the underlying crime of conviction. Williams v. United States, 117 F. App'x 132, 133 (2d Cir. 2004) (noting that actual innocence in a non-capital case means that the defendant did not commit the crime). As such, Foster's claim is one of legal, as opposed to factual, innocence. Poindexter v. Nash, 333 F.3d 372 (2d Cir. 2003) (holding that mis-classification as a career offender is not equivalent to a claim of actual, factual innocence). As the Supreme Court and the Second Circuit have made very clear, the actual innocence doctrine is very narrow and is concerned with actual, factual innocence, not legal innocence. Sawyer v. Whitley, 505 U.S. 333, 339 (1992); Williams, 117 F. App'x at 133 (stating that claims of sentencing error

may not serve as a basis for a factual innocence claim). Put another way, a claim of actual innocence is unavailing where, as here, the defendant merely makes a legal argument that he is innocent of a sentence enhancement. Darby v. United States, 508 F. App'x 69, 71 (2d Cir. 2013) (holding that a claim of actual innocence does not apply where defendant merely makes a legal argument, *i.e.*, that he is innocent of a sentence enhancement).

## CONCLUSION

For the foregoing reasons, Foster's motion [doc. ##2402, 2414] is DENIED.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2014 at New Haven, Connecticut.