## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

JOHN FOSTER,
    *Defendant*.

No. 3:99-cr-264-12 (VAB)

## RULING AND ORDER ON
## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

On July 16, 2020, John Foster ("Defendant") moved for early termination of his term of supervised release under 18 U.S.C. § 3583(e)(1). Mot. for Early Termination of Supervised Release, ECF No. 2690 (July 16, 2020) ("Def.'s Mot."). The Government does not object to the motion being granted.

For the reasons explained below, Mr. Foster's motion is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the background of this case, and will only mention events as relevant to the disposition of this motion. *See United States v. Luke Jones*, 482 F.3d 60, 63–66 (2d Cir. 2006) (detailing evidence as to the conspiracy introduced at trial against co-defendant Luke Jones, in light most favorable to the Government).

On December 4, 2000, a jury found Mr. Foster guilty of one count of drug conspiracy with intent to distribute, and distribution of heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Verdict, ECF No. 513 (Dec. 4, 2000).

On June 13, 2001, Judge Alan H. Nevas sentenced Mr. Foster to 324 months imprisonment, five years of supervised release, and a special assessment of $100. J., ECF No. 709 (June 13, 2001).

On September 19, 2006, after holding a resentencing hearing upon a limited remand from the Second Circuit consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and *United States v. Booker*, 125 S. Ct. 738 (2005), Judge Nevas issued an amended judgment, resentencing Mr. Foster to 240 months imprisonment, five years of supervised release and a $100 special assessment. J. on Resentencing, ECF No. 2103 (Oct. 17, 2006); *see also* Minute Entry, ECF No. 2093 (Sept. 19, 2006) (resentencing hearing).

On February 12, 2020, this Court reduced Mr. Foster's term of supervised release by twelve months, "following his successful completion of Reentry Court on January 21, 2020." Order Reducing Supervised Release Term, ECF No. 2649 (Feb. 12, 2020). Mr. Foster's term of supervised release is to conclude on January 13, 2023. *Id.*

On July 16, 2020, Mr. Foster moved for early termination of his term of supervised release. *Id.* at 1. His Probation Officer "takes no position on this motion, consistent with office policy, but has noted that Mr. Foster has complied with the terms of his supervised release," and the Government "does not object to the granting of this motion." *Id.*

On July 28, 2020, the Court held a hearing on his motion. Minute Entry, ECF No. 2692 (July 28, 2020).

**II.     STANDARD OF REVIEW**

A district court may, after considering the factors set forth in section 3553(a) "such as deterrence, public safety, rehabilitation, proportionality, and consistency," *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997), "'terminate a term of supervised release . . . at any time after the expiration of one year of supervised release,' so long as 'it is satisfied that such action is [1] warranted by the conduct of the defendant . . . [2] and the interest of justice.'" *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (quoting 18 U.S.C. § 3583(e)(1)). "The district court is

not required to make specific findings of fact with respect to each § 3553(a) factor; instead, 'a statement that the district court has considered the statutory factors is sufficient.'" *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

"Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim P. 32.1(c)(1). A hearing is not required, however, "if . . . (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim P. 32.1(c)(2).

"Courts in the Second Circuit have made clear that '[e]arly termination is not warranted as a matter of course.'" *United States v. Foster*, No. 13-CR-487 (CBA), 2020 WL 1275233, at *1 (E.D.N.Y. Mar. 17, 2020) (quoting *United States v. Sheckley*, 129 F.3d 114, 1997 WL 701370, at *1 (2d Cir. 1997)). Rather, early termination is warranted "[o]ccasionally," where

> changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—[ ] render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*Shellef*, 2018 WL 3199249, at *1 (quoting *Lussier*, 104 F.3d at 36). "Thus, because 'full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release,' such compliance 'does not warrant early termination.'" *Id.* (quoting *United States v. Fenza*, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)). Section 3583(e)(1)) "authorizes the court to modify the conditions of supervised

release only when general punishment goals would be better served by a modification." *Lussier*, 104 F.3d at 35.

Ultimately, however, "[t]he decision whether to grant early termination rests within the discretion of the district court." *United States v. Trotter*, 321 F. Supp. 3d 337, 359 (E.D.N.Y. 2018) (quoting *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010)); *see also Sheckley*, 1997 WL 701370, at *1 ("We have explained that the determination of early release is a discretionary decision made by the district court." (internal citation omitted)).

### III.   DISCUSSION

The Second Circuit has stated that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015). "A court's ability to terminate supervision early or modify conditions provides an opportunity to reevaluate the efficacy of a supervised release term throughout its duration. Termination is appropriate when the rehabilitative goals of supervised release may no longer be attained or can be attained at too great a cost to the defendant and society." *United States v. Thomas*, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018) (citing *Trotter*, 321 F. Supp. 3d at 364); *see also Johnson v. United States*, 529 U.S. 694, 709 (2000) ("Supervised release departed from the parole system it replaced by giving district courts the freedom to provide post-release supervision for those, and only those, who needed it.").

Courts have granted early termination of supervised release where defendants show "extraordinary rehabilitation." *United States v. Sam*, No. 16-CR-184 (JGK), 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018) (citing *Lussier*, 104 F.3d at 36) (granting early termination to defendant who was a recipient of a Soros fellowship and actively involved in helping other formerly incarcerated women, whose "laudable efforts have in fact been hampered by her

supervised release because she is restricted in her ability to associate with others who are still on supervised release"). By contrast, courts have denied early termination of supervision where a defendant "establish[es] only that he has complied with the specific terms of his probation and has continued to stay out of trouble following his release from prison," and "given the serious nature of [his] crimes." *Foster*, 2020 WL 1275233, at *2 (denying early termination of supervised release to a defendant who was sentenced for conspiracy to distribute cocaine base). Courts have also denied supervised release where there is concern that the defendant will return to serious criminal activity, *see, e.g.*, *Shellef*, 2018 WL 3199249, at *3 ("[G]iven the serious nature of [defendant]'s underlying criminal conduct, the Court concludes that supervised release remains necessary to ensure that he does not return to any criminal activity."); or where the defendant still has outstanding restitution obligations, *see, e.g.*, *Whittingham v. United States*, No. 12-CR-0971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) (denying early termination where petitioner asserted that he had just been compliant with directives of the U.S. Probation Office and "still ha[d] outstanding restitution obligations of approximately $248,000.").

Mr. Foster has served "approximately 1.5 years of his supervised release." Def.'s Mot. at 1. Since his release, "[f]or the first time in his life, Mr. Foster has steady employment." *Id.* at 9. He has consistently worked in various jobs, including for the City of Bridgeport, *id.*, and has been with his current employer, Catamount Food Services, since August 2019, *id.* at 4. Mr. Foster also obtained his commercial driver's license while at a halfway house, where he spent the end of his prison sentence. *Id.* Throughout the COVID-19 crisis, Mr. Foster "has been able to maintain employment . . . because of the extensive catering services operated by Catamount and the [Vazzano/La Conte] enterprise." *Id.* Mr. Foster has permission from the U.S. Probation

Office to travel to Washington, D.C., and North Carolina in order to visit family on his father's side. *Id.* at 9. Mr. Foster lives in a stable home environment: he lives in a home owned by his fiancée and is helping her raise her three-year old daughter, as well as taking an more active role in his adult son's life. *Id.* Mr. Foster has "successfully completed all drug treatment requirements and has had no positive drug tests." *Id.*

Although he did receive a ticket for having his car parked in a handicap area, there was no resulting infraction or ticket, and Mr. Foster has done well on supervision. *Id.* at 5. Former Chief Probation Officer Warren Maxwell also has written a letter on behalf of Mr. Foster, recommending "his supervision be terminated early due to his extraordinary efforts at rehabilitation." Ex. A: Letter, ECF No. 2690-1 (July 16, 2020). Mr. Maxwell also indicated his willingness to support Mr. Foster in the future. *Id.* In April 2020, Mr. Foster was moved to administrative supervision, "less than halfway through his five-year supervised release term." Def.'s Mot. at 5. Mr. Foster's activities while on supervised release suggest that there is little to no risk that he will reengage in the drug trafficking conduct for which his original sentence was imposed. *Compare Thomas*, 346 F. Supp. 3d at 335 ("Extended supervision is unlikely to have any deterrent effect on him personally or on the public generally."), *with Shellef*, 2018 WL 3199249, at *3 ("[G]iven the serious nature of [defendant]'s underlying criminal conduct, the Court concludes that supervised release remains necessary to ensure that he does not return to any criminal activity.").

Mr. Foster also emphasizes his less serious role in the offense, that he was "sentenced before the Fair Sentencing Act was passed, lowering the statutory penalties for crack cocaine offenses," and that he served the entirety of his sentence "before he had the chance to seek a reduction under the First Step Act." Def.'s Mot. at 10. Although Mr. Foster does not raise a First

6

Step Act claim, he notes that several codefendants[1] have had their "much longer sentences reduced" under the First Step Act. *Id.*

Significantly, the Government does not object to Mr. Foster's motion, nor does the U.S. Probation Office. *See, e.g.*, *United States v. Costanzo*, 3:19-cr-19 (VAB), Order, ECF No. 144 (Oct. 25, 2019) ("granting Motion for Early Termination of Probation . . . for the reasons stated in the motion, and because neither the Government nor Probation oppose the motion").

Having considered Mr. Foster's conduct while on supervised release, the factors enumerated in 18 U.S.C. § 3553(a), and the purposes of supervised release, the Court concludes that supervision is no longer necessary for Mr. Foster's rehabilitation. As a result, and in order for the U.S. Probation Office to direct its limited resources to those who need continued supervision, early termination of Mr. Foster's supervised release term is warranted under 18 U.S.C. § 3583(e)(1). *See also Trotter*, 321 F. Supp. 3d at 240 (noting that "[t]he resources of the Probation Department are limited. . . . [and t]he Probation Department should be focused on assisting those defendants with the potential for success").

---

[1] This Court previously reduced the life sentences of Leonard Jones, Lonnie Jones, Lyle Jones, Jr., Aaron Harris, Kenneth Richardson, Quinne Powell, and Damon Walker to time served. *See United States v. Damon Walker*, Order Reducing Sentence, No. 3:99-cr-264-19, ECF No. 2536 (Aug. 27, 2019); *United States v. Lonnie Jones*, Order Reducing Sentence, No. 3:99-cr-264-3, ECF No. 2558 (Aug. 27, 2019); *United States v. Powell*, 2019 WL 4889112 (D. Conn. Oct. 3, 2019); *United States v. Kenneth Richardson*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-8, ECF No. 2585 (Oct. 3, 2019); *United States v. Lyle Jones*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-6, ECF No. 2592 (Oct. 7, 2019); *United States v. Leonard Jones*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-5, ECF No. 2625 (Dec. 19, 2019); *United States v. Aaron Harris*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-4 (VAB), ECF No. 2638 (Jan. 13, 2020). The Court also recently reduced the life sentence of Luke Jones to 450 months, *United States v. Luke Jones*, Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, No. 3:99-cr-264-1 (VAB), ECF No. 2682 (May 29, 2020), and allowed for early termination of co-defendant Rasheen Lewis's term of supervised release, *United States v. Rasheen Lewis*, Ruling and Order on Mot. for Early Termination of Supervised Release, No. 3:99-cr-264-13 (VAB), ECF No. 2685 (June 5, 2020),

### IV. CONCLUSION

For the foregoing reasons, the Court finds that early termination of Mr. Foster's supervised release "is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C.A. § 3583(e)(1).

Accordingly, the Court **GRANTS** Mr. Foster's motion and **ORDERS** that his term of supervised release be terminated immediately.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of July, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge